IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BROADCAST MUSIC INC., et al.,

        Plaintiffs,                  Case No. 2:12-cv-1196 KJM DAD

        v.

ANTIGUA CANTINA & GRILL, LLC    ORDER
d/b/a ANTIGUA CANTINA & GRILL;
and FELIPE OLVERA, JR., individually,

        Defendants.

_____/

        On February 5, 2013, the magistrate judge filed findings and recommendations, recommending, among other things, that plaintiff's counsel be awarded $6,425 in attorneys' fees and costs, approving counsels' hourly rates of $575 and $300 per hour, respectively. ECF No. 15. On March 29, 2013, this court adopted the recommendation that a default judgment be granted in the amount of $18,000, but declined to adopt recommendation as to the award of fees and gave counsel the opportunity to submit supplemental authority justifying their fee request. ECF No. 16. On April 12, 2013, counsel submitted additional information. ECF No. 19.

        A fee award begins with a calculation of the lodestar, which is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a

/////

1    reasonable hourly rate.  *See, e.g., Branco v. Credit Collection Servs., Inc.*, No. 2:10–cv–01242
2    MCE–EFB, 2011 WL 6003877, at *2 (E.D. Cal. Dec. 1, 2011).

3           According to Attorney Karen Frank, she and her associate Jeremiah Burke have
4    spent a total of 16.1 hours on the case, ECF No. 19 at 2 ¶ 5; *see also* ECF No. 10-7 ¶¶ 9-10.  The
5    court finds these hours were reasonably expended on the litigation.

6           In its March 29th order, the court noted that the relevant hourly rate for the
7    lodestar calculation is that billed by an attorney of the skill required to perform the litigation in
8    the community where the court sits.  *Mendez v. Cnty. of San Bernadino*, 540 F. 3d 1109, 1111
9    (9th Cir. 2008).   One judge of this court, in a debt collection action that involved a motion to
10   dismiss based on California's Anti-Strategic Lawsuits Against Public Participation (Anti-
11   SLAPP) statute, observed that the prevailing rate in this division of this district is in the range of
12   $250 to $275  an hour.  *See Scott v. Kelkris Assoc., Inc.*, No. CIV. 2:10–1654 WBS DAD, 2012
13   WL 1131360, at *5 (E.D. Cal. Mar. 29, 2012); *see also Branco v. Credit Collection Servs., Inc.*,
14   No. 2011 WL 6003877, at *3-4 (also in debt collection action, rejecting counsel's claim for fees
15   of $400 an hour based on the United States Consumer Law Attorney Fee Survey Report and
16   awarding $275 an hour).

17          Counsel's supplemental declaration describes her special expertise in intellectual
18   property matters and her twenty years of such practice in the Bay Area and her associate's
19   experience as a District Court law clerk and with another firm.  She also avers that her rate of
20   $575 an hour "is very competitive with hourly rates usually charged by other similar law firms in
21   San Francisco," and her associate's rate of $300 an hour is similarly competitive with Bay Area
22   firms.  She does not, however, address the rates charged by attorneys of her skill and experience
23   in the Sacramento regional market.  Moreover she does not suggest that the prosecution of this
24   case required unique expertise unavailable locally.  *See California State Outdoor Advertising*
25   *Ass'n, Inc. v. State of California*, No. S-05-0599 FCD/DAD, 2006 WL 662747, at *11 (E.D. Cal.
26   Mar. 16, 2006) (rejecting hourly rate charged by lawyers in Southern California and finding

1  $300 an hour reasonable for a partner and $225 for an associate based on record in complex civil
2  rights case). Although the rate may be adjusted based on any number of factors, counsel also has
3  presented nothing justifying any adjustment to the lodestar. *Kerr v. Screen Guild Extras, Inc*.,
4  526 F.2d 67, 70 (9th Cir. 1975).

5       Because plaintiff has not presented any information on the hourly rate in the
6  Sacramento region for a routine copyright infringement case, the court finds $275 an hour to be
7  the reasonable rate for Ms. Frank's time and $175 an hour to be the reasonable rate for Mr.
8  Burke's time.

9       Plaintiffs have also requested costs in the amount of $350 for the District Court
10 filing fees and $235 for process server fees.  They are entitled to the filing fee, but not to the fee
11 for the service of process, as it has not been shown that the claimed fees do not exceed the
12 amount allowable for the same service by the Marshal.  18 U.S.C. §§ 1920(1), 1921; L.R.
13 292(f)(2); *see also Baisden v. I'm Ready Prod., Inc*., 793 F. Supp. 2d 970, 973-74 (S. D. Tex.
14 2011) (in copyright case denying costs for service of subpoena because they exceed the
15 Marshal's cost).  Accordingly, the court calculates the fees and costs as follows:

16     Ms. Frank    8.4 hours @ $275 an hour    $2,310.00
17     Mr. Burke    7.7 hours @ $175 an hour    $1,347.50
18     Total Fees    $3,657.50
19     Total Costs    filing fee    $ 350.00
20     Total Award    $4,007.50

21      Accordingly, IT IS HEREBY ORDERED that defendants Antigua Cantina
22 & Grill, LCC and Felipe Olvera, Jr. pay plaintiffs a total of $4,007.50 in attorneys' fees and costs
23 as provided by 17 U.S.C. § 505.
24 DATED:  May 20, 2013.

25
26                UNITED STATES DISTRICT JUDGE

3